## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5707 | **DATE** | 8/10/2004 |
| **CASE TITLE** | Tirenzy Wilson vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Petitioner's Petition to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. 2255 is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | AUG 1 1 2004 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | 2004 AUG 11 PM 3:26 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
AUG 1 9 2004


JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

TIRENZY WILSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 03 C 5707

Hon. Harry D. Leinenweber

DOCKETED
AUG 1 1 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Tirenzy Wilson (hereinafter, "Wilson"), pro se, requests the Court to Vacate, Set Aside, or Correct his sentence, pursuant to 28 U.S.C. § 2255. For the following reasons, the Court declines to do so.

### I. INTRODUCTION

In 1998, a jury sitting in the United States District Court for the Northern District of Illinois convicted Wilson, a "governor" in the Gangster Disciples street gang, of, inter alia, participation in a continuing criminal enterprise ("CCE") pursuant to 21 U.S.C. § 848. This enterprise included the distribution of large quantities of narcotics. After the court imposed a sentence of life in prison, Wilson and his co-defendants appealed the decision. However, a panel of the Seventh Circuit unanimously affirmed the District Court. See United States v. Hoover, 246 F.3d 1054 (7th Cir. 2001).

Wilson filed his § 2255 petition on August 14, 2003. In it, Wilson advances seven arguments supporting his claim for relief: (1) the Circuit panel violated Wilson's right to due process under the Fifth and Fourteenth Amendments by affirming the admission of statutorily-inadmissible wiretap evidence on grounds not adversely tested during the initial trial; (2) appellate counsel was ineffective by failing to contest the Seventh Circuit panel's jurisdiction over new facts, as evidenced by the panel's use of a new theory to justify the admission of the wiretap evidence; (3) trial counsel was ineffective by not challenging the federal government's authority to intercept oral communications within a state correctional facility; (4) trial and appellate counsels were ineffective because they declined to call a witness who would have provided exculpatory testimony; (5) they failed to argue that the testimony of a rebuttal witness was improperly admitted; (6) Wilson's conviction is invalidated by changed circumstances, specifically the government's post-trial acknowledgment of the falsity of its witness' testimony; and (7) the government relied on a theory that it later acknowledged to be false.

## II. **STATEMENT OF FACTS**

Petitioner Wilson, along with a number of co-defendants, was convicted in 1998 of numerous offenses arising from their involvement in the Gangster Disciples, a street gang that conducted extensive drug trafficking operations in Chicago. Wilson, a

"governor" in the Gangster Disciples, was sentenced to life imprisonment as a result of his conviction on multiple charges. This conviction and sentence were affirmed on appeal. For a fuller recitation of the facts, see United States v. Jackson, 207 F.3d 910, 913-914 (7th Cir. 2000).

### III. **DISCUSSION**

A federal court may grant a writ of habeas corpus if a petitioner demonstrates "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2000). In filing a § 2255 motion, a defendant is barred from raising three classes of complaints. First, absent changed circumstances, issues already raised on direct appeal cannot support the motion. Second, any appealable nonconstitutional issues that were not raised on direct appeal are barred. Finally, constitutional issues not raised on direct appeal may only be raised in the § 2255 context if the petitioner shows both cause for this failure and prejudice resulting therefrom. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992). As noted above, Wilson here alleges seven grounds for reversal, none of which justifies the relief that he seeks.

## A. Admission of Evidence

Wilson first argues that the admission into evidence of tapes the government made of conversations between several gang members violated his right to due process under the Fifth and Fourteenth Amendments. The tapes were initially admitted, over the defendant's objection, during an earlier trial of another member of the Gangster Disciples' "board," and their admission was subsequently upheld. See United States v. Jackson, 2004 WL 868263 (N.D. Ill. 2004). As Wilson observes, the Seventh Circuit panel that affirmed that defendant's conviction admitted the contested tapes on different grounds than those accepted by the trial court in that case. Moreover, although the panel claimed that the justification for the evidence derived from the government's brief, the argument was not briefed, but rather appeared in a government attorney's affidavit. See Hoover, 246 F.3d at 1063-1064 (Rovner, J., concurring). Wilson therefore argues that he should be granted a hearing to contest the admission of the tapes in his own case.

Unfortunately for Wilson, though, the Seventh Circuit's decision upholding the admission of the tape evidence is binding on this Court. See Hoover, 246 F.3d at 1057. Indeed, even though one Circuit judge expressed concern regarding the admission of this evidence, she nevertheless was compelled to concur in her own panel's admission of the tapes on the grounds of stare decisis. See id. at 1063-1065 (Rovner, J., concurring). The only venue

available to challenge that decision was the United States Supreme Court, which declined petitioner's invitation for review. This Court certainly cannot effectively overrule its own appellate court, the Seventh Circuit, which is what Wilson asks. Accordingly, Wilson is not entitled to a new evidentiary hearing on the admission of the tapes.

## B. Ineffective Assistance of Counsel

Next, Wilson asserts that his conviction was constitutionally flawed because he was denied effective assistance of counsel, which is guaranteed by the Sixth Amendment. See McMann v. Richardson, 397 U.S. 759, 771 (1970). The Supreme Court promulgated the standard for determining whether an individual received ineffective assistance in Strickland v. Washington. 466 U.S. 668 (1984). There, the Court established a two-prong test for finding that "counsel's assistance was so defective as to require reversal of a conviction." Id. at 687. First, the petitioner must demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In addition, he must show "that counsel's errors were so serious as to deprive the defendant of a fair trial." Id. Thus, even if a counsel's performance was substantially deficient, it will constitute grounds for reversal if it resulted in a demonstrably unfair trial.

As noted above, a petitioner may not use the § 2255 motion as a secondary appeal of issues decided earlier. See Belford, 975 F.2d at 313 ("a Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal"). Petitioners are therefore barred from recasting previously argued issues as instances of ineffective assistance of counsel. See Daniels v. United States, 26 F.3d 706, 711-712 (7th Cir. 1994)(court rejected petitioner's § 2255 claim of ineffective assistance because it "simply recapitulat[ed]" an argument already raised at trial). Finally, because all § 2255 motions arise in the context of unsuccessful defenses and are viewed through the distorting lens of hindsight, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Put another way, a judge must recognize that an unsuccessful counsel may not have been objectively ineffective in the legal sense; otherwise, a valid habeas claim would always lie for the losing party in litigation.

Wilson raises four claims of allegedly ineffective counsel.

1. Jurisdiction Over New Facts

First, Wilson argues that his trial and appellate counsels were fatally ineffective insofar as they failed to contest the appellate panel's original jurisdiction over arguments raised for the first time on appeal. But this claim simply repackages, as ineffective assistance of counsel, the arguments made on initial

appeal contesting the admission into evidence of recordings obtained by a governmental wiretap (see above). Having been raised and settled both in Hoover and in Jackson, this issue merits no further discussion here. See Hoover, 246 F.3d at 1057; Jackson, 207 F.3d at 915-918.

2. Governmental Wiretap Authority

Wilson further argues that his trial and appellate counsel were ineffective because they failed to contest the federal government's authority to employ a wiretap in a state correctional facility. But as with his first claim of ineffective assistance, Wilson here recapitulates an argument that was heard and decided before both the trial and appellate courts. This argument is therefore barred. See Hoover, 246 F.3d at 1057; Jackson, 207 F.3d at 914-915.

3. Failure To Call Sympathetic Witness

By contrast, Wilson's third allegation of ineffective assistance of counsel presents a new issue. Here, he argues that his counsel provided deficient representation by failing to call, or even interview, a witness who would have provided testimony sympathetic to Wilson's case. Wilson asserts that his fellow Gangster Disciple Vincent Martin ("Martin") served as a government witness in a previous case. There, Martin stated that Wilson was not involved in the selling of drugs. Wilson allegedly informed counsel of Martin's earlier testimony in the hopes that counsel

would call Martin to testify on Wilson's behalf. Wilson's counsel declined not only to call Martin as a witness, but even to interview Martin.

To represent effectively a client, "counsel does have a duty to contact a potential witness unless counsel 'can make a rational decision that investigation is unnecessary.'" Montgomery v. Petersen, 846 F.2d 407, 413 (7th Cir. 1988), quoting Crisp v. Duckworth, 743 F.2d 580, 583 (7th Cir. 1984). Of course, even if counsel's decision was objectively unreasonable, and, thus satisfied the first prong of the Strickland test, that would not constitute ineffective assistance of counsel absent a showing that the error "deprive[d] the defendant of a fair trial." Strickland, 466 U.S. at 687.

Here, assuming arguendo that Martin proposed to testify exactly in the manner that Wilson claims, it is still far from clear that a competent counsel would believe that Martin's proferred testimony would have even a minimal impact on the result in the case. Balanced against the abundant and overwhelming recorded evidence presented at trial, it is unlikely that the testimony of Gangster Disciple member would be dispositive. Furthermore, Wilson was convicted for his participation in a conspiracy responsible for, inter alia, the distribution of illegal drugs. Therefore, his personal involvement in drug transactions is not determinative of his conviction, provided that his general

contribution to the overall criminal enterprise was established. See Hoover, 246 F.3d at 1057-1058. For either of these reasons, it cannot be said that the potential error here even approximates the high threshold required to show ineffective assistance of counsel. See Valenzuela v. United States, 261 F.3d 694, 699-700 (7th Cir. 2001).

4. Court Improperly Allowed Government Witness

Wilson's final claim of ineffective assistance relates to a government witness, Naseena Soldana ("Soldana"), who testified to Wilson's past drug-related activity. Wilson contends that, because witnesses testifying to prior "bad acts" may not be called in order to demonstrate a defendant's propensity to commit future "bad acts," Soldana's testimony was improperly admitted. See United States v. Shackleford, 738 F.2d 776, 779 (7th Cir. 1984). However, Wilson's objection to Soldana's testimony fails to justify the relief he requests. First, Wilson here, again, simply recasts, under the guise of ineffective counsel, an issue that was previously raised and decided on appeal. See Hoover, 246 F.3d at 1061-1062. Moreover, the relevant rule of evidence states that testimony regarding prior "bad acts" may be allowable as proof of a number of other facts, including "opportunity" to commit the bad acts at issue in the proceedings. See Fed. R. Evid. 404(b); United States v. Liefer, 778 F.2d 1236, 1241 (7th Cir. 1985). Thus,

because the government called Soldana to demonstrate Wilson's access to drugs, there was nothing improper with her testimony.

### C. Reliance on False Evidence

Wilson next argues that the government deprived him of a fair trial by misrepresenting material facts. Specifically, he claims that the government created the false impression that the Gangster Disciples' city wide drug trafficking program was an active and flourishing enterprise, when in fact the government knew that it never really got off the ground. However, Wilson does not allege any actual malfeasance on the government's part. As the government notes, "all of the evidence [Wilson] claims was withheld or mischaracterized during his trial, was actually presented at [his] trial, in the manner he alleges it should have been but was not." Reply brief, 10. Thus, Wilson ultimately appears to be contesting the tone of the government's presentation, arguing that the government should have framed the issue neutrally. But this clearly fails to present a constitutional issue. Moreover, even if it did, Wilson would have waived it by failing to raise the question on direct appeal.

### D. False Testimony

Wilson's last claim is that the government violated his right to due process when it failed to correct the false testimony of a witness. However, the alleged falsehood does not concern a material

issue, and at any rate, Wilson waived this claim by failing to raise it on direct appeal.

### IV. CONCLUSION

For the reasons stated above, Petitioner's Petition to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. 2255 is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: August 10, 2004